UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/7/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
     DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEAN STEVEN WAYNE,<br><br>      *Defendant.* | CASE NO. 6:06-cr-26<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

  Defendant Sean Steven Wayne has filed *pro se* motions seeking a reduction in sentence or compassionate release, largely on account of certain rehabilitative steps he has taken while incarcerated, as well as the impact of a federal detainer upon his state sentence. Dkt. 200, 202. For the following reasons, the Court holds Defendant is not entitled to any reduction in sentence, and accordingly denies the motions.

  In 2007, Defendant pled guilty to one count of conspiracy to distribute 50 grams or more of cocaine base. Dkt. 72 at 1. The Court sentenced Defendant to 70 months' incarceration, followed by a five-year term of supervision. *Id.* at 2. In 2008, upon Defendant's motion filed pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced Defendant's term of incarceration to 57 months. Dkt. 91. Defendant was released from BOP custody in 2011, upon conclusion of his term of incarceration.

  In 2015, while under supervised release, Defendant committed several violations of the terms of his supervision, namely, committing a crime by possessing and distributing marijuana and cocaine, and possessing a controlled substance. Dkt. 178. In November 2016, in Lynchburg Circuit Court, Defendant pled guilty to three counts of distribution of cocaine—2nd offense, and that court sentenced Defendant to ten years' incarceration, with seven years suspended on each

1

count. Dkt. 176-1 at ECF 6. In December 2016, this Court sentenced Defendant to a term of 24-months' incarceration for violation of the terms of his supervised release. *Id.* This Court further specified that "12 months of this term of imprisonment shall run consecutively to the defendant's imprisonment under any previous state or federal sentence, and the other 12 months shall run concurrently with the defendant's imprisonment under any previous state or federal sentence." *Id.* at 2.

Defendant, proceeding *pro se*, has filed two motions asking the Court to amend his sentence such that his consecutive one-year term of federal imprisonment could run concurrently with his state sentence, or alternatively, he moved for compassionate release. Dkts. 200, 202.

A sentencing court generally cannot "modify a term of imprisonment once it has been imposed." *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). But a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction" after the defendant has asked the Bureau of Prisons and exhausted administrative remedies following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i).

A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *United States v. Rice*, No. 3:05-cr-11, 2023 WL 3981274, at *2 (E.D. Va. June 13, 2023); *United States v. Griggs*, 462 F. Supp. 3d 610, 615 (D.S.C. 2020). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must further consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

Defendant has not shown that he has exhausted administrative remedies with the BOP. Dkts. 200, 202. However, that fact is unsurprising as he submitted his motions when he was in state custody and there is no warden in a BOP facility to whom such a request could be directed. The exhaustion requirement is waived (or deemed satisfied) under circumstances such as these—where it would be futile for a defendant to attempt to comply with the exhaustion requirement, and further, the Government has not shown that any alternative administrative procedures are available to Defendant to seek such relief under these circumstances. *United States v. Comer*, No. 5:12-cr-43, 2022 WL 1719404, at *3 (W.D. Va. May 27, 2022); *United States v. Lipsey*, No. 07-cr-1208, 2022 WL 180725, at *2 (D. Ariz. Jan. 20, 2022); *Albury v. United States*, 496 F. Supp. 3d 974, 979 (E.D. Va. 2020).

Defendant's request for a sentence reduction fails however on the merits, because he has not shown any "extraordinary and compelling reasons" that would support a sentence reduction.

First, Defendant argues that evidence of his rehabilitation supports the requested reduced sentence. Defendant asserts that he has "taken steps to rehabilitative himself by addressing the issue which led [him] to prison." Dkt. 200 at 1. Defendant writes that he has "educated [himself] on real estate, stocks, and business." *Id.* And Defendant writes that his VDOC annual review showed his coursework and that he has not received "any incident reports or caused any trouble while serving [his] sentence." *Id.* Defendant attributes his "new respect and value for life" to his time in prison, natural disasters, and the COVID-19 pandemic. *Id.* Defendant also has attached VDOC records which state that he "has remained infraction free during this review period," and which show there was no record of institutional violence while he was incarcerated, among other indicators from his time in custody. Dkt. 200 at 3–5.

To be sure, there is much that is positive in Defendant's telling of his changed circumstances and mindset, including his following institutional rules, and taking advantage of any rehabilitative programs. *See* Dkt. 200 at 1–2, 3–5. However, even such commendable strides toward rehabilitation fail to warrant a sentence reduction. *E.g.*, *United States v. Raji*, No. 20-cr-369, 2023 WL 4421568, at *2 (D. Md. July 10, 2023) (explaining that rehabilitation "is not an extraordinary and compelling reason justifying compassionate release"); 28 U.S.C. § 994(t) (stating that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction).

Second, Defendant also appears to argue that he is entitled to a sentence reduction because the federal detainer "prevent[ed] [his] transfer to a work center," and rendered him ineligible for work release. Dkt. 200 at 2. However, this is in the nature of a challenge to Defendant's underlying sentence, which is not cognizable in a motion for a sentence reduction under § 3582(c)(1)(A). *United States v. Ferguson*, 55 F.4th 262, 270–71 (4th Cir. 2022). Defendant had already been sentenced by the Virginia courts at the time of his federal sentencing in this case, and at that time, the Court sentenced him to 24 months' incarceration, with 12 months to be served consecutively to any prior state or federal sentence. *See* Dkt. 178 at 2. In addition, Defendant has not argued that issuance of the federal detainer was improper or defective, nor cited authority that the existence of the federal detainer and its impact on his ability to seek early release from the state constitutes an extraordinary and compelling reason for a sentence reduction. To the contrary, precedent addressing this issue has held that "neither the existence of the detainer nor its impact on his security classification constitutes an 'extraordinary and compelling' reason for a sentence reduction." *United States v. Doss*, No. 4:09-cr-6, 2022 WL 2359784, at *2 (W.D. Va. June 29, 2022); *see also United States v. Abdul-Sabur*, No. 6:99-cr-

30073, 2023 WL 440054, at *3 (W.D. Va. July 7, 2023) (rejecting argument that existence of a federal detainer, which rendered defendant ineligible for early release from state custody, constituted an extraordinary and compelling reason for a sentence reduction).

Finally, Defendant argues that health risks on account of the COVID-19 pandemic support a sentence reduction. Dkt. 202 at 1. He argues that he has caught COVID-19 before while incarcerated, and he did not "feel as if [he had] received the proper medical attention." *Id.* He also asserts that he "suffer[s] from long term effects," including shortness of breath and rapid heart rate when he is doing "simple things like standing up." *Id.* Defendant, however, does not support his assertions with record evidence, undermining his claim. Nor does he identify how the medical attention he was given was not "proper," much less does he substantiate that claim with evidence. And while these symptoms can increase one's susceptibility to being seriously ill if one contracts COVID-19, the widespread availability of the COVID-19 vaccine undermines any argument that COVID-19 is an extraordinary and compelling reason for a sentence reduction. *See United States v. Barton*, No. 7:16-cr-47, 2023 WL 4186382, at *3 (W.D. Va. June 26, 2023) (citing authority for the proposition that, "[f]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"). Defendant's argument is still further undermined because he does not describe or provide evidence as to his vaccination status.

Further still, Defendant has not demonstrated that he is at any particularized risk of contracting COVID-19 where he is incarcerated, notwithstanding his general assertion that he did not feel he received proper medical care. *See United States v. Blevins*, 832 F. App'x 192, 192 (4th Cir. 2020) (per curiam) (unpublished) ("In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows

both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility.").

The Court therefore finds that Defendant has not demonstrated that extraordinary and compelling reasons warrant his release on account COVID-19. *See United States v. Adamson*, 831 F. App'x 82, 83 (4th Cir. 2020) (per curiam) (unpublished) (affirming district court's holding that defendant "failed to show either a particularized high risk of susceptibility to coronavirus or a current particularized risk of contracting the facility at [FCI] Danbury," his facility of incarceration).

Individually or collectively, Defendant's proffered reasons for a sentence reduction are either not cognizable or fall far short of demonstrating "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[1]

Accordingly, Defendant's motions for compassionate release or a reduced sentence herby are **DENIED**. Dkt. 200, 202.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to Defendant, all counsel of record and to the U.S. Marshals Service.

Entered this 7th day of August, 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Because the Court holds that Defendant has not established "extraordinary and compelling reasons" for a reduction in sentence, the Court need not analyze the separate issue whether Defendant has established that consideration of the § 3553(a) factors also demonstrates an entitlement to a reduced sentence.

6